IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SILENT EVENTS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:16-cv-00716 ) |
| QUIET EVENTS, INC., | ) Judge Sharp ) |
| Defendants. | ) ) ) ) |

## MEMORANDUM

Plaintiff Silent Events, Inc. ("Silent Events") brings claims against Defendant Quiet Events, Inc. ("Quiet Events") under the Federal Trademark Act ("Lanham Act"), as amended in 15 U.S.C. §§ 1051 *et seq.*; the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §§ 1125 *et seq.*; the Tennessee Trademark Act, Tenn. Code Ann. §§ 47-25-512 and 513; the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-104 and 39-14-127; and Tennessee common law. Plaintiff requests that Defendant have its trademark cancelled under 15 U.S.C. §§ 1064 and 1119; seeks damages under 15 U.S.C. § 1117 and T.C.A. §§ 47-18-109; and asks for attorneys' fees and costs under 15 U.S.C. § 1117. (Docket No. 1).

Presently before the Court is Defendant's Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Docket No. 11), to which Plaintiff has filed a response (Docket No. 21), and to which Defendant has replied (Docket No. 24). For the reasons set forth below, the Court will grant Defendant's Motion and this case will be dismissed.

1

## BACKGROUND

The following facts are drawn from Plaintiff's Complaint (Docket No. 1) and supporting exhibits (Docket No. 21-1 to 21-6). Plaintiff is incorporated in Georgia and based in Nashville, Tennessee. (Docket No. 1 at 1). Defendant is incorporated and has its principal place of business in New York, New York. (Id.). Both parties are in the business of offering wireless headphones and related entertainment services to their customers. (Id. at 2-4). They also organize musical events wherein attendees listen to the music via personal wireless headphone sets. (Id.). Plaintiff claims that Defendant has exceeded the scope of its trademark and has engaged in trademark infringement. (Id. at 5-7). Plaintiff concedes that this Court does not have general personal jurisdiction over Defendant. (Docket No. 21 at 1). Plaintiff alleges in its Complaint that specific personal jurisdiction in the Middle District of Tennessee is proper because "Defendant has offered to sell goods and/or services with the reasonable expectation that the goods and/or services would be purchased by consumers" in this state. (Id. at 2).

Plaintiff also asserts that Defendant operates a website, www.quietevents.com, (Docket No. 21 at 2) to offer customers access to its services and that this website is "interactive" such that Defendant has purposefully availed itself of the privilege of acting within Tennessee, subjecting itself to suit in this forum. (Docket No. 21 at 5-6). Plaintiff asserts that Defendant's website is "interactive" because it includes an option to subscribe to emails (Docket No. 21 at 5; Docket No. 21-2) and a "Request a Quote" feature (Docket No. 21 at 6; Docket No. 21-3 at 1). Plaintiff additionally claims that Defendant has purposefully availed itself of the privilege of acting in Tennessee because it broadcasts "Quiet Clubbing" events in Memphis, Tennessee. (Docket No. 21 at 6; Docket No. 21-4; Docket No. 21-5; Docket No. 21-6).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a party to seek dismissal of the claims against it for lack of personal jurisdiction. "The plaintiff bears the burden of establishing that personal jurisdiction exists." Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 449 (6th Cir. 2012) (internal quotation marks and citation omitted). A properly supported motion for dismissal, when presented to the Court, prevents the plaintiff from relying solely on his pleadings. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted). The plaintiff must set forth specific facts, by affidavit or otherwise, showing the court has jurisdiction. Id. The court must then consider all the facts presented in the pleadings and affidavits in a light most favorable to the plaintiffs, and does not weigh any contrary allegations offered by the defendant. Intera Corp. v. Henderson, 428 F.3d 605, 614 (6th Cir. 2005) (citation omitted).

## ANALYSIS

The Sixth Circuit has outlined a three-pronged test to use when determining whether specific jurisdiction exists. "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968). Plaintiff must establish each of the three elements in order to establish specific jurisdiction. Here, Plaintiff fails on the first prong, purposeful availment. Consequently, specific personal jurisdiction is lacking.

"The purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." Word Music, LLC v. Priddis Music, Inc., No. 3:07-cv-0502, 2007 WL 3231835, at *5 (M.D. Tenn. Oct. 30, 2007) (internal quotation marks and citations omitted). In certain circumstances, operating an Internet website can constitute purposeful availment. See Bird v. Parsons, 289 F.3d 865, 874 (6th Cir. 2002) (citation omitted). The level of a website's interactivity is used as a factor in determining whether personal jurisdiction is proper. The Sixth Circuit has identified three levels of interactivity for Internet websites: "(1) passive sites that only offer information for the user to access; (2) active sites that clearly transact business and/or form contracts; and (3) hybrid or interactive sites that allow users to exchange information with the host computer." See, Inc. v. Imago Eyewear, Ltd., 167 F. App'x. 518, 522 (6th Cir. 2006) (internal quotation marks and citation omitted). Plaintiff does not allege that Defendant's website is active, nor could it support such an allegation: customers may not make purchases or otherwise transact business on the website. Neither could the website be categorized as solely passive, given the interactive features on which Plaintiff relies. Rather, the relevant question here is whether the website "is interactive to a degree that reveals specifically intended interaction with residents of the state." Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 890 (6th Cir. 2002) (citation omitted); see also Bird, 289 F.3d at 874.

Courts must engage in a fact-specific inquiry to determine whether a website's interactive features support a conclusion that a defendant intended contact with a specific forum's residents. Plaintiff argues that Defendant's website includes two interactive features: A "Request a Quote"

option (Docket No. 21 at 6; Docket No. 21-3 at 1) and/or the ability for a customer to subscribe to receive emails (Docket No. 21 at 5; Docket No. 21-2). The "Request a Quote" feature allows prospective customers to contact Defendant directly through its website if they're interested in using Defendant's services. (Docket No. 21 at 6; Docket No. 21-3 at 1). According to Plaintiff, Defendant uses this feature to "advance business transactions with Tennessee residents through the website." (Docket No. 21 at 6). Plaintiff does not, however, explain whether this feature allows Defendant's customers to exchange information, or merely allows website visitors to input their own information. The supporting exhibit shows the "Request a Quote" button on the website, but provides no further insight into just how interactive a feature it is. (Docket No. 23-3). Plaintiff also fails to explain whether the email subscription feature allows for the exchange of information via the website, or whether future contact occurs through other channels. Again, the exhibit that captures this feature does not answer the question. (Docket No. 21-2).

In Neogen, where the Sixth Circuit found a website sufficiently interactive to confer personal jurisdiction, it was because the plaintiff showed an actual exchange of information. Neogen, 282 F.3d at 890-891. In Neogen, residents of Michigan who filled out website forms were given passwords to use on the defendant's website to access test results. Id. There, the Court found that "granting of passwords to Michigan residents as part of a contract for [defendant]'s services is an interactive usage showing that [defendant] has intentionally reached out to Michigan customers and enabled them to use [defendant]'s services from Michigan." Id. Unlike in Neogen, Plaintiff has neither alleged nor shown that the two features it identifies support the exchange of information between Defendant and its customers. At best, Plaintiff has shown the option for unidirectional contact.

Even if Plaintiff had shown a greater level of interactivity, that would not, without more, support a finding of jurisdiction. Plaintiff must also show that the website interactivity actually generated business with residents of the forum state. In Bird, the Sixth Circuit specifically relied on the defendant's alleged business with over 4,000 Ohio residents to establish specific jurisdiction. Bird, 289 F.3d at 874. Similarly, when this Court has found specific jurisdiction based on the interactivity of a defendant's website, it has been because the website was not only capable of interactivity, but also had actually supported business in Tennessee. See Famous Music, Inc. v. Stellar Records, Inc., Case No. 3:06-cv-00941, Docket Entry No. 74 at 12 (M.D. Tenn. 2007); see also Unidisc Music, Inc. v. Antibemusic S. r. l., No. 3:13-cv-1451, 2014 WL 2573974, at *2 (M.D. Tenn. June 9, 2014) (finding an interactive website sufficient to support personal jurisdiction because the plaintiff filed four declarations from Tennessee consumers who accessed the defendant's website and performed tasks on it). And even when a particular website allowed for the purchase or sampling of products, this Court found specific jurisdiction when the website was "coupled with its contracts with a Tennessee resident and its marketing of karaoke songs through its distributors, show[ing] a purposeful availment of the laws and protections of th[e] forum." Sony/ATV Music Pub. LLC v. CAVS USA, Inc., No. 3:08-0265, 2009 WL 2177110, at *5 (M.D. Tenn. July 21, 2009). Put simply, an interactive website supports a finding of personal jurisdiction only when combined with a showing that the interactive features have actually given rise to contacts in the forum state.

Of course, "[t]he maintenance of an interactive website should also be considered in light of other contacts with the forum state." Id. (citing Neogen, 282 F.3d at 891 ("The website must be considered alongside [defendant]'s other interactions with Michigan residents.")). The only other form of contact with Tennessee that Plaintiff identifies is a section of Defendant's website

that is "devoted to events occurring in Memphis, Tennessee." (Docket No. 21 at 6). In support of this contention, Plaintiff submits three exhibits purporting to show Defendant's listings of Memphis events. (Docket Nos. 21-4 to 21-6). Two of the three exhibits are Google search pages and cannot be attributed to Defendant. The third exhibit specifically states that there are "no events" in Memphis, Tennessee. (Docket No. 21-6). Far from indicating purposeful availment, these exhibits either indicate action by third parties or cut against Plaintiff's claim that Defendant is active in Tennessee.

In sum, Plaintiff fails to show that Defendant's website enables the exchange of information and, therefore, is sufficiently interactive to support personal jurisdiction. Even if Plaintiff had made that showing, jurisdiction would still fail because Plaintiff has not shown that the website generated any contacts or business with residents of Tennessee, or identified any other contacts in this state. Nothing in the record supports the conclusion that Defendant specifically intended interaction within Tennessee. Neogen, 282 F.3d at 890. Subjecting Defendant to suit in Tennessee under the facts presented would offend the notions of "fair play and substantial justice." Balance Dynamics Corp. v. Schmitt Industries, Inc., 204 F.3d 683, 698 (6th Cir. 2000).

## CONCLUSION

For the reasons set forth above, the Court will grant Defendant's Motion to Dismiss (Docket No. 11). A separate order shall enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE